ROBERT NELSON v. THE STATE.

No. 5120.    Decided November 6, 1918.

**1.—Murder—Manslaughter—Charge of Court.**

Where, upon trial of murder, the evidence raised the issue of manslaughter, and the court's charge failed to submit the same over the objections of the defendant, the same was reversible error.

**2.—Same—Rule Stated—Adequate Cause.**

The rule is that if there is evidence which supports the theory of adequate cause, and that the killing was on account of passion arising therefrom, the court is not the judge of its possible truth, but should leave it to the jury; although the evidence in the instant case supported a conviction of murder.

**3.—Same—Charge of Court—Degrees of Murder.**

Since the Act of the Legislature of 1913, eliminating the degrees of murder, the court should not charge thereon.

**4.—Same—Common Law Marriage—Husband and Wife—Charge of Court.**

Where the evidence was insufficient to show that defendant and deceased were husband and wife under a common law marriage there was no error in failing to submit a charge thereon. Besides, this was immaterial in the instant case. Following Melton v. State, 71 Texas Crim. Rep., 130, and other cases.

**5.—Same—Bill of Exceptions.**

Where the bill of exceptions to the exclusion of testimony was so qualified as to make the testimony admissible, there was no error.

Appeal from the District Court of Fayette. Tried below before the Hon. M. C. Jeffrey.

Appeal from a conviction of murder; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*John T. Duncan,* for appellant.—On question of common law marriage: Walton et al. v. Walton, 203 S. W. Rep., 133; Knight v. State, 55 Texas Crim. Rep., 253; Burnet v. Burnet, 83 S. W. Rep., 238; Simmons v. State, 39 S. W. Rep., 639; Cuneo v. Cuneo, 59 S. W. Rep., 284; Simon v. State, 31 Texas Crim. Rep., 186.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of murder and his punishment assessed at fifty years in the penitentiary.

Appellant and deceased were negroes. They had lived together for several years prior to the time he killed her. He lived with her and supported her and her child by a former husband just like he would if they had been legally married. He said they intended at some time to marry. He became much attached to her he said, and that he was living with her and treated her as if she was his wife and felt towards her like she was his wife. While he was off somewhere from the home where they lived she and her girl left there and went off to some other town. Appellant was informed that she had gone off with a negro man. He went up after her, found her but no other negro man was with her when he found her. She willingly returned with him to their home. He said he had been informed that she had gone off with the other man for improper purposes but he did not know this and it seems he claimed not to believe it. When they returned to their home that morning he asked her about it. She denied it. He told her that a certain person had told him. It was agreed between them then, he says, that they would send for this person who had told him and she claimed she would prove by him that the accusation against her was untrue. They thereupon sent her little girl for the man, and after the girl left appellant claimed that they discussed the subject some further and that she ascertained that when the man they had sent for came he would ask him such questions as it seems she concluded would reveal the fact that she had been untrue to him. Thereupon he says she admitted the fact that she had been untrue to him with the other man and that on one occasion she had given to the other man money that the appellant had given her for her own use. He claims that this admission by her at the time in effect ran him mighty near crazy; that he jumped up and grabbed his gun and shot her. That when she admitted her guilt with the other man that it made him angry, and the substance of his testimony as a whole raised the question of manslaughter. It might be stated that the testimony raising manslaughter was not very strong—rather weak.

The court did not submit the issue of manslaughter to the jury.

Appellant specifically objected to the court's charge on that account and went into sufficient particulars as to what he claimed the testimony showed which raised the issue.

The rule is that if there is evidence which supports the theory of adequate cause and that the killing was on account of passion arising therefrom, the court is not the judge of its possible truth but should leave it to the jury. 2 Branch's Ann. P. C., sec. 2009, and cases there collated.

In addition to the exceptions by appellant to the court's charge because he failed and refused to submit the issue of manslaughter he asked a special charge submitting that issue which was refused and to which he excepted. While the evidence was amply sufficient to sustain and might be held to call for appellant's conviction of murder and not that of manslaughter, yet as the testimony raised the issue of manslaughter the court should have charged thereon and his failure and refusal to do so presents reversible error.

The court did not err in his charge in submitting the issue of murder. Since the Act of the Legislature of 1913 amending our statutes so as to do away with the degrees of murder, it would have been improper for the court to have charged the different degrees as contended for by appellant as has many times been held by this court since the statute was amended.

The testimony was insufficient to show that appellant and deceased were husband and wife under a common-law marriage. Grigsby v. Rieb, 105 Texas, 587, 153 S. W. Rep., 1121; Melton v. State, 71 Texas Crim. Rep., 130; Nye v. State, 77 Texas Crim. Rep., 389. Hence the court did not err in refusing to submit an issue to the jury of whether or not appellant and deceased were husband and wife. Again, it would have been wholly immaterial to any issue in this case whether the deceased was the common-law wife of appellant or was his mistress—kept woman. It may be that to have shown that she was his wife would have been against appellant and not for him. At any rate whether she was his common-law wife or not was an immaterial matter.

Appellant's bill to the exclusion of the testimony of his witness Gaertner as qualified and explained by the court showed no error. The only error shown by the record is the court's failure and refusal to submit the issue of manslaughter.

Reversed and remanded.

*Reversed and remanded.*